# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0679V
(not to be published)

| | |
|---|---|
| ALEXIS WNUK,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 26, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. School of Law, Washington, DC, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On January 12, 2021, Alexis Wnuk filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury after receiving an influenza vaccine on January 19, 2018. See Petition at Preamble, ¶ 9. On January 19, 2023, I issued a decision awarding compensation to Petitioner, based on Respondent's proffer. ECF No. 46.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,239.71 (representing $30,392.75 for fees and $1,846.96 for costs). Petitioner's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Motion for Attorney's Fees and Costs, filed Mar. 29, 2023, ECF No. 51. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 51-1.

Respondent reacted to the motion on March 30, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 52. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increases and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 by attorney Renee Gentry and through the end of 2021 by students at George Washington School of Law are reasonable and consistent with our prior determinations, and will therefore be adopted. *See,* e.g. *Laha v. Sec'y of Health & Hum. Servs.,* No. 20-0528V, 2022 WL 1576869 (Fed. Cl. Spec. Mstr. Apr. 5, 2022); *Harkonen v. Sec'y of Health & Hum. Servs.,* No. 19-1505V, 2022 WL 1576869 (Fed. Cl. Spec. Mstr. Mar. 18, 2022). Petitioner has also requested approval of a 2023 hourly rate of $531 for work performed by Ms. Gentry in 2023 - representing a rate increase of $27. ECF No. 51-1 at 2, 20-21. I find this 2023 hourly rate to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

However, Petitioner seeks an hourly rate of $175 for work performed by law students in 2022 through 2023 – representing an increase of $25 from the $150 hourly rate previously awarded for 2020 through 2021 work. ECF No. 51-1 at 13-21. Prior fee awards have been based upon an hourly rate consistent with the lower end of the appropriate range for paralegal work. *See* Attorneys' Forum Hourly Rate Fee Schedules for Years 2015-16 through 2023, at http://www.uscfc.uscourts.gov/node/2914 (last visited May 26, 2023). Unlike attorneys and paralegals who continue to increase their expertise as they handle additional vaccine cases, the hourly rates for law students should reflect only the yearly increase for the range, $5 for 2022 and an additional $8 for 2023. Accordingly, I find $165 per hour – reflecting an increase of $15, to be an appropriate rate for work performed by law students for this case in 2022 and 2023. This results in a reduction of **$738.90**.[3]

## COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 51-1 at 22-43. And Respondent offered no specific objection to the rates or amounts sought. Thus, I will award the full amount of costs sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$31,500.81 (representing**

---

[3] This amount is calculated as follows: $175 - $165 = $10 x 73.89 hrs. = $738.90.

3

**$29,653.85 in fees and $1,846.96 in costs) as a lump sum in the form of a check jointly payable to Petitioner and GW VILC.[4]**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Petitioner requests that the check be made payable to GW VILC, instead of Ms. Gentry. ECF No. 51 at 1.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.